UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CRAIG J. NEUVIRTH,                )
                                  ) No. CV-10-177-JPH
          Plaintiff,              )
                                  ) ORDER GRANTING DEFENDANT'S
v.                                ) MOTION FOR SUMMARY JUDGMENT
                                  )
MICHAEL J. ASTRUE, Commissioner   )
of Social Security,              )
                                  )
          Defendant.              )
                                  )
_____ )

     BEFORE THE COURT are cross-motions for summary judgment noted

for hearing without oral argument on June 24, 2011 (ECF No. 14,

16). Attorney Maureen J. Rosette represents plaintiff; Special

Assistant United States Attorney Nancy A. Mishalanie represents

the Commissioner of Social Security (Commissioner). The parties

have consented to proceed before a magistrate judge (ECF No. 7).

Plaintiff replied on June 20, 2011 (ECF No. 18). After reviewing

the administrative record and the briefs filed by the parties, the

court **grants** defendant's motion for summary judgment (**ECF No. 16**)

and **denies** plaintiff's motion for summary judgment (ECF No. 14).

                        **JURISDICTION**

     Plaintiff protectively applied for disability insurance

benefits (DIB) on October 14, 2003, and for supplemental security

income (SSI) benefits on November 5, 2003, both alleging onset as of January 1, 1993 due to anxiety, fear, anger, depression, and right shoulder pain (Tr. 53-56, 369-371A). Onset was later changed to May 1, 2003 (Tr. 425, 446). The applications were denied initially and on reconsideration (Tr. 31-33, 36-37). Administrative Law Judge (ALJ) R. J. Payne held the first hearing on November 22, 2005 (Tr. 393-404). Plaintiff waived his right to appear but was represented by counsel. Medical experts Ronald Klein, Ph.D., and Robert Berselli, M.D., testified. On January 20, 2006, the ALJ issued a decision finding plaintiff is not disabled (Tr. 18-27). The Appeals Council denied plaintiff's request for review on May 18, 2006 (Tr. 5-7). Plaintiff filed a complaint under cause number CV-06-0188-CI. On March 6, 2007, a magistrate judge entered a decision granting plaintiff's summary judgment motion and remanding the case to the agency for further proceedings (Tr. 444-462).

Accordingly, the ALJ held a second hearing on February 8, 2008 (Tr. 602-630). Plaintiff, still represented, again waived appearance at the hearing. Medical experts R. Thomas McKnight, Ph.D., Anthony E. Francis, M.D., and a vocational expert testified. The ALJ found plaintiff not disabled on February 21, 2008 (Tr. 424-442). The Appeals Council denied review on April 13, 2010 (Tr. 405-407). The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 4, 2010 (ECF No. 1,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing

transcripts, the ALJ's decision, and the pleadings filed by the parties. They are briefly summarized here.

Plaintiff was 43 years old at onset in 2003. He graduated from high school and has worked as a laborer and telemarketer.

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 3 -

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden

1  then shifts, at step five, to the Commissioner to show that (1)
2  plaintiff can perform other substantial gainful activity and (2) a
3  "significant number of jobs exist in the national economy" which
4  plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
5  Cir. 1984).

6      Plaintiff has the burden of showing that drug and alcohol
7  addiction (DAA) is not a contributing factor material to
8  disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).
9  The Social Security Act bars payment of benefits when drug
10 addiction and/or alcoholism is a contributing factor material to a
11 disability claim. 42 U.S.C. §§ 423 (d)(2)(C)and 1382(a)(3)(J);
12 *Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001); *Sousa v.
13 Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is
14 evidence of DAA and the individual succeeds in proving disability,
15 the Commissioner must determine whether DAA is material to the
16 determination of disability. 20 C.F.R. §§ 404.1535 and 416.935.
17 If an ALJ finds that the claimant is not disabled, then the
18 claimant is not entitled to benefits and there is no need to
19 proceed with the analysis to determine whether substance abuse is
20 a contributing factor material to disability. However, if the ALJ
21 finds that the claimant is disabled, then the ALJ must proceed to
22 determine if the claimant would be disabled if he or she stopped
23 using alcohol or drugs.

24                        **STANDARD OF REVIEW**

25     Congress has provided a limited scope of judicial review of a
26 Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
27 the Commissioner's decision, made through an ALJ, when the
28 determination is not based on legal error and is supported by

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                         - 5 -

substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.

*Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found plaintiff was insured for DIB purposes through March 31, 2005 (Tr. 425, 427). He found plaintiff is disabled when DAA is included (Tr. 435); accordingly, he went on to perform the second five step sequential evaluation as required[1]. The ALJ found plaintiff is not disabled if he is clean and sober, i.e., if DAA is excluded (Tr. 442). Because DAA materially contributes to the disability determination, the ALJ found plaintiff is not disabled as defined by the Social Security Act (Tr. 442).

**ISSUES**

Plaintiff alleges the ALJ improperly weighed the medical evidence, including Mr. Davis's[2] opinion, and should have found at step three Mr. Neuvirth's knee impairment meets or medically equals a Listed impairment. He does not challenge the ALJ's adverse credibility assessment.

Asserting the ALJ appropriately weighed the evidence and assessed credibility, the Commissioner asks the Court to affirm (ECF No. 17 at 9-10).

///

---

[1]See C.F.R. §§ 404.1535 and 416.935.

[2]He is also referred to as John Davis Evans (Tr. 428).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                      - 7 -

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                      - 8 -

reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

I. *Mr. Davis's opinion*

First, plaintiff contends the ALJ should have credited the September 2006 and July 2007 opinions of Mr. Davis, MHP, a counselor at the VA who treated Mr. Neuvirth (ECF No. 15 at 12-15). The Commissioner responds that a magistrate judge decided this issue in the remand order, with respect to Mr. Davis's November 2003 and December 2004 opinions, in the Commissioner's favor. The magistrate judge found the ALJ was correct to discount Mr. Davis's 2003 opinion[3] because as a non-acceptable medical source the ALJ needed to and did provide a germane reason: Mr. Davis's opinions are based on a diagnosis of polysubstance abuse "in full remission" -- a diagnosis directly contradicted elsewhere in the record (Tr. 454, 456). The Commissioner asserts because the magistrate judge's ruling is now the law of the case, plaintiff is

---

[3]The district court's order indicates Mr. Davis's December 2004 opinion was submitted to the Appeals Council but not to the ALJ during the proceedings (Tr. 454 at n.5).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 9 -

precluded from relitigating the issue (ECF No. 17 at 10-15).

As a general principal, the United States Supreme Court has recognized that an administrative agency is bound on remand to apply the legal principals laid down by the reviewing court. *Ischay v. Barnhart*, 383 F.Supp.2d 1199, 1213-1214 (C.D. Cal. 2005), citing *F.C.C. v. Pottsville Broadcasting Co.*, 309 U.S. 134, 145 (1940); *see also United Gas Improvement Co., v. Continental Oil Co.*, 381 U.S. 392, 406 (1965)(explaining that the agency must act upon the court's correction on remand). The *Ischay* court observes the Supreme Court more recently held

> Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. Often, complex legal issues are involved, including classification of the claimant's alleged disability or his or her work experience within the Secretary's guidelines or "grids" used for determining claimant disability. *Deviation from the court's remand order in the subsequent administrative proceeding is itself legal error, subject to reversal on further judicial review.*

*Ischay*, 383 F.Supp.2d at 1214, citing *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989)(emphasis added by *Ischay* court; citations omitted).

Under the "law of the case" doctrine cited by the Commissioner, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). The legal effect of the doctrine of the law of the case depends upon whether the earlier ruling was made by a trial court or an appellate court. All rulings of a trial court are subject to revision at any time before the entry of judgment. A trial court

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 10 -

may *not*, however, reconsider a question decided by an appellate court. *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986) (emphasis in original); *Ischay*, 383 F.Supp.2d at 1214. In short, the law of the case precludes re-litigation of issues settled by a district court's order prior to remand. *See Holst v. Bowen*, 637 F.Supp. 145, 148 (E.D. Wash. 1986); *see also Hooper v. Heckler*, 752 F.2d 83, 87-88 (4th Cir. 1985)(finding that the ALJ violated the rule of mandate[4]) by relitigating an issue decided by the district court); *Pearson v. Chater*, No. C-95-1921-CAL, 1997 WL 314380, at *3 (N.D. Cal. Feb. 20, 1997)(holding that,"[u]nder the law of the case doctrine, this court will not re-examine its legal decision that the ALJ had sufficient reasons to discount [a medical expert's] testimony"), *aff'd*, 141 F.3d 1178 (9th Cir. 1998).

It would be error for this court to accept plaintiff's invitation to reconsider whether the ALJ properly discounted Mr. Davis's 2003 and 2004 opinions. The district court's order to remand expressly affirmed the ALJ's germane reason for rejecting Mr. Davis's "other source" opinions: they were "based on the invalid diagnosis of polysubstance abuse in full remission." (Tr. 456). Under the law of the case doctrine, this court cannot as a matter of law revisit the prior court's ruling. The court agrees with the Commissioner's assertion that none of the three

---

[4]The court's orders are enforceable under the rule of mandate, and the court's legal conclusions supply the law of the case. Thus the so-called rule of mandate "presents a specific and more binding variant of the law of the case doctrine." *Ischay*, 383 F.Supp.2d at 1214 (citations omitted). "When acting under an appellate court's mandate, an inferior court is bound by the decree as the law of the case[.]" *Id.*, citing *Vizcaino v. United States District Court*, 173 F.3d 713, 719 (9th Cir. 1999).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 11 -

exceptions to the law of the case doctrine are applicable in this case (ECF No. 17 at 11-15, citing *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002), *cert. denied*, 540 U.S. 1016 (2003)(citations omitted)).

Even if the doctrines of the law of the case or the broader rule of mandate do not apply to the 2006 and 2007 opinions, the ALJ's current reason for discounting them is the same and again germane. The ALJ points out Mr. Davis's more recent opinions (which are essentially the same as those he previously asserted) assume the same false premise, that DAA has been in full remission for two years. The record supports the ALJ's germane reason. Plaintiff tested positive for cocaine and opiates in October 2006 (Exhibit 13F at 29). He told Dr. Flannegan he had a cocaine binge six weeks before her February 2004 evaluation and was drinking several times a week (Tr. 118). In addition, Dr. McKnight's testimony at the latest hearing supports the ALJ's rejection of Mr. Davis's opinion.

II. *Dr. Francis's opinion*

Plaintiff contends the ALJ erred when he weighed the opinion of orthopedic surgeon Anthony Francis, M.D., the medical expert who testified at the most recent hearing in 2008 (ECF No. 15 at 10-12, referring to Tr. 586-598, 604-613). The Commissioner addresses this issue in the context of plaintiff's argument that the ALJ should have found his knee impairment meets or medically equals Listing 1.02A (ECF No. 17 at 16-18).

At the first hearing plaintiff's counsel stipulated that no Listing is met or equaled (Tr. 404). Accordingly, this argument was waived and is not properly before the court.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                         - 12 -

Even if the court considers the argument, it is unsupported by Dr. Francis's testimony as a whole.

Dr. Francis wondered if the plaintiff's knee problem possibly meets Listing 1.02A (Tr. 606). He notes plaintiff is described

> "as having quite a bit of pain and instability in his knee. And then for whatever reason he has an opportunity to seek treatment and then doesn't. . . my general feeling in this case is that we have a person with a condition that is probably quite remedial and he's not taking advantage of the remedy available to him, which would be a possible orthopedic procedure. . . I can do an RFC if you want --"

(Tr. 605-606).

He then opined a person who has chronic knee pain based on what is described at times as ligament instability, and at other times as a stable knee, has an RFC somewhere between medium and light work (Tr. 606). Dr. Francis then assessed specific limitations (Tr. 606-611) ultimately adopted by the ALJ. Plaintiff incorrectly contends Dr. Francis opined plaintiff's knee impairment meets or equals Listing 1.02A.

III. *Plaintiff's credibility*

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 439), a finding Mr. Neuvirth does not challenge on appeal. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 13 -

cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ relied on inconsistent statements, test scores indicative of exaggeration, and an unexplained lack of treatment when he found plaintiff less than credible (Tr. 439-440).

In October 2007 plaintiff told examining psychologist John McRae, Ph.D., he last used cocaine in 2003 (Tr. 564) but a year earlier, in October 2006, a drug screen was positive for cocaine and opiates. Immediately before the 2006 drug test plaintiff again denied drug use (Tr. 520, 522). Dr. McKnight pointed out these inconsistencies (Tr. 615).

Dr. McRae opined plaintiff's scores on the MMPI-2 were very likely invalid based on his extremely high score, and indicate exaggeration of symptomology or a plea for help. He opined Mr. Neuvirth's scores on the M-FAST[5] are "highly suggestive of malingered psychopathology" (Tr. 566).

Plaintiff has, without adequate explanation, failed to pursue

[5]Miller Forensic Assessment of Symptoms Test.

treatment for physical or mental conditions. The VA terminated services sometime before October 2004 due to chronic cocaine and alcohol use. A treating psychiatrist at the VA notes in 2004 and 2005 plaintiff failed to show for numerous appointments. The VA scheduled plaintiff for an orthopedic consultation in Seattle but he failed to keep the appointment. As the ALJ correctly points out, VA records show that by May 2006 plaintiff had not been seen on a regular basis for any medical condition for nearly two years (Tr. 439-440; Exhibits 4F, 8F. 9F and 13F).

Counsel asserts plaintiff was unable to seek medical attention because he was incarcerated. Plaintiff's unreliable reporting provides an inadequate explanation for the lack of treatment. Plaintiff stated he was incarcerated for 16 months for robbery, and served his time just prior to July 12, 2006 (Tr. 538). Records show plaintiff failed to appear at a mental health intake appointment on August 16, 2006, apparently after his release (Tr. 535).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F,2d 597, 603 (9th Cir. 1989).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v.*

*Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ gave clear and convincing reasons for his unchallenged credibility assessment, and it is supported by substantial evidence.

The ALJ's assessment of the medical opinions and plaintiff's credibility are both supported by the record and free of legal error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 16)** is **granted.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 14)** is **denied.**

The District Court Executive is directed to file this Order, provide copies to counsel for the parties, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 20th day of June, 2011.

s/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                      - 16 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28